JACOB RUBINOVITCH *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 30, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Negligence.   Street Railway.   Practice, Civil,* Exceptions.

A motorman operating an electric car and the driver of a vehicle not running on a track while using a public highway owe to each other a reciprocal obligation of due care.

A street railway company, although it owes to its passengers the duty of safe transportation which is imposed on a common carrier, is not required to exercise the same degree of care toward a traveller using the highway, and its duty toward such a traveller is performed if its servants exercise the care of an ordinarily prudent and careful man when called upon to act under the circumstances of the case.

In the trial of an action against a street railway company for personal injuries from being run into by a car of the defendant while driving in a wagon across the defendant's track, the presiding judge properly may refuse to rule that as matter of law the plaintiff was not negligent in attempting to drive across the track if he judged at the time that this could be done safely because of the distance of the car from the point where he must cross, as the jury must determine the question of the plaintiff's due care or negligence on the whole evidence.

A refusal to give an instruction in the language requested is not a ground for exception if the instructions given by the judge clearly and adequately cover the point raised by the request.

BRALEY, J.    This is an action of tort to recover damages for personal injuries caused by a wagon in which the plaintiff was driving coming into collision with a car of the defendant. The accident happened at the intersection of Travers Street with Portland Street, public ways in the city of Boston, when the wagon was passing across the tracks of the company in Portland Street. At the trial in the Superior Court before the late Mr. Justice Hopkins, and a jury, the plaintiff asked for the following rulings: " That the electric or trolley cars owned and operated by the defendant are dangerous machines, and the defendant, its agents or servants, are held to the highest degree of care in operating them, . . . that the cars of the defendant company being dangerous machines, it is necessary for the motorman in charge thereof to have the car under such control that it may be stopped immediately when danger of collision becomes apparent," and " that if when first seen, the car of the defendant, from the point where the plaintiff's team would cross the defendant's track, was at such a distance (making such allowance as a man of ordinary care and prudence would allow for the decrease of speed of the car after his intention became apparent to the motorman) to enable the plaintiff to cross the track in safety, then the plaintiff would be in the exercise of due care, if, under these circumstances, he should attempt to cross." The judge declined to give these rulings, and submitted the case to the jury under instructions on the questions thus raised to which no exception was taken, and a verdict for the defendant having been rendered the case is here on the plaintiff's exceptions * to the refusals to rule as requested.

---

\* After the death of *Hopkins,* J. the exceptions were allowed by *Richardson,* J.

While a common carrier of passengers is held to the highest degree of care commensurate with his undertaking, this principle is applicable only to his conduct toward those who are being transported, or to whom he sustains this relation. *Warren* v. *Fitchburg Railroad*, 8 Allen, 227. The defendant, who was lawfully using the street for the operation of its railway, did not owe this duty to the plaintiff, who was a traveller upon a public way, although each owed to the other, while concurrently using the street, the reciprocal obligation of due care. *O'Brien* v. *Blue Hill Street Railway*, 186 Mass. 446. *Halloran* v. *Worcester Consolidated Street Railway*, *ante*, 104. Consequently it has been said that a motorman in charge of a car which is passing through a street, even if the motive power is electricity, stands on the same footing in regard to his due care or negligence toward other travellers as the driver of any vehicle. *Scannell* v. *Boston Elevated Railway*, 176 Mass. 170, 173. Occasions may arise where in the performance of this duty the apparent danger of severe bodily injury or death to pedestrians, or travellers by carriage, or other vehicles may demand of him the exercise of a high degree of care, but even then the requirement in degree is only such prudence and foresight as the jury, upon the evidence, may determine to have been reasonably required under the circumstances. *Uggla* v. *West End Street Railway*, 160 Mass. 351. *O'Leary* v. *Brockton Street Railway*, 177 Mass. 187.

The imperative duty of safe transportation owed to passengers which a common carrier operating a street railway engages to perform, from the very nature of the undertaking does not extend to travellers along the route, and the instructions given accurately and fully stated the true rule, that the measure of care required of the defendant's servant was that of the ordinarily prudent and careful man, when called upon to act under the conditions disclosed by the evidence. *Robbins* v. *Springfield Street Railway*, 165 Mass. 30.

In so far as the plaintiff's last request asked for a ruling that as matter of law he was not negligent in attempting to drive across the track if he judged at the time this could be safely done because of the distance of the car from the point where he must cross, it was properly refused, as it was within the province of the jury to determine the question of his due care or negligence

on the whole evidence, and not from any particular portion of the testimony. *Hicks* v. *New York, New Haven, & Hartford Railroad,* 164 Mass. 424, 428. *Whitman* v. *Boston Elevated Railway,* 181 Mass. 138.   Besides, on this issue the instructions given,[*] although not in the language requested, clearly and adequately covered the point raised by the request, and were correct in law. *Graham* v. *Middleby,* 185 Mass. 349.

*Exceptions overruled.*

*J. H. Blanchard,* for the plaintiff.

*E. P. Saltonstall & S. H. E. Freund,* for the defendant, were not called upon.

---

[*] The instructions given included the following: "Now, what did he do? You have heard the evidence which he has offered.   The claim on the part of the defendant is that his testimony shows that he did not look and did not discover the approach of the car until he had passed in part over the track, and when the car, as he says, was thirty, forty or fifty feet from him.   His claim is that he did seasonably look and that he saw the car at a distance of forty or fifty feet, and that he judged that if the car was properly managed, he could get across.   If there be a conflict in the evidence, you are to determine just what he did do.   Did he seasonably avail himself of his senses so as to discover impending danger and to avoid it?   If he did not, then he was not exercising due care ; if he did, then he was exercising due care although an accident happened."