ISABELLA F. O'DAY *vs.* BOSTON ELEVATED RAILWAY COMPANY.
THOMAS F. O'DAY *vs.* SAME.

Middlesex.    March 5, 1914. — September 11, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Elevated railway, Violation of rule, Unnecessary violence. *Carrier,* Of passengers.

In an action by a woman against a corporation operating an elevated railway for personal injuries sustained by the plaintiff by being pushed from the platform of a car on a train of the defendant, if it can be found that the plaintiff was carried off her feet because of the conflict between incoming and outgoing passengers at a crowded elevated station of the defendant, that the defendant had a rule to the effect that passengers should be induced to leave such cars by the

side doors and enter by the end doors and that passengers wishing to leave a train should be permitted to do so before others were permitted to board it, and that the defendant's servants made no attempt to enforce this rule, and if the defendant's superintendent testifies that he did not undertake to comply with the rule, there is evidence for the jury of the defendant's negligence.

If a woman passenger on a train of an elevated railway is pushed from the platform of a car at a station and falls so that one of her legs is wedged between the step of the car and the station platform, and if the servants of the corporation operating the railway, after finding that the woman cannot be extricated from her plight by the use of reasonable force, drag her out by the use of unreasonable force so that her leg is injured greatly, although there were tools at hand which might have beeen used to release her leg by cutting away a part of the platform, this gives the injured passenger a right of action against the corporation, irrespective of the cause of her fall from the car.

In an action against a corporation operating an elevated railway for personal injuries sustained by the plaintiff by being pushed from the platform of a car on a train of the defendant at a crowded elevated station, the plaintiff, for the purpose of showing that the defendant had reason to anticipate trouble from the crowded condition of the platform, should be allowed to show what had occurred on previous occasions under the same conditions that obtained at the time the accident happened, although it did not occur at the same hour of the day.

TWO ACTIONS OF TORT, the first by a married woman for personal injuries sustained on February 23, 1909, in the manner described in the opinion, and the second by her husband for consequential damages. Writs dated April 15, 1909.

In the Superior Court the cases were tried together before Dana, J., who at the close of the plaintiffs' evidence, which is described in the opinion, ruled that the plaintiffs were not entitled to recover and ordered verdicts for the defendant. The plaintiffs alleged exceptions.

James J. McCarthy, (T. F. Waldron with him,) for the plaintiffs.

H. D. McLellan, for the defendant.

LORING, J. The jury were authorized in finding that the plaintiff in the first case, when a passenger on a car in an elevated train of the defendant, was carried off her feet by a rush of passengers attempting to alight from the car; that she fell between the step of the car and the platform; that one of her legs went down under her whole weight between the step and the platform and she was thereby pinned in; and that at the time she was carried off her feet she was standing up, holding on to a grab iron near the rear door of the car, not intending to alight at the station in question.

It appeared that at the time of the accident the following rule of the defendant company was in force: "Passengers should be induced to leave cars by the side doors and enter by the end doors, provided doors and gates stop abreast of a safe place on the station platform. Passengers wishing to leave train must be allowed to do so before others are permitted to board." The car in which the plaintiff was travelling had a door at each end and one door in the middle. The jury were warranted in finding that, though there was a guard between the car on which the plaintiff was and the car next to it, he made no effort to comply with this rule, but that on the contrary the end doors of the car were opened immediately on the arrival of the car at the station in question and were not kept shut until passengers intending to alight had left or had begun to leave by the middle door. More than that, the superintendent, on being asked why this rule was not complied with, testified in effect that he did not undertake to comply with the rule "because it would be shutting doors in people's faces." Further the jury could have found that the plaintiff was carried off her feet because of the conflict between the incoming and outgoing passengers. Under these circumstances the plaintiff had a right to go to the jury under the doctrine of *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476.

There was also evidence that after the plaintiff had fallen between the step and the platform the defendant's servants, after two ineffectual efforts to help her get up, dragged her out by main force. It was in evidence that there were tools at hand which might have been used to cut away the platform and thus release her from the painful position in which she had been placed after the two ineffectual efforts had shown that she could not get up or be pulled out by the use of reasonable force. There was evidence that in consequence of the manner in which she had been dragged out her leg "was deeply bruised, later there was tremendous discoloration, black and blue places all the way down her leg," and that the plaintiff "at the time of the trial was unfit to come into court to testify or to be in court during the trial because of her mental condition" caused by the treatment which she had received from the defendant. When the plaintiff was pinned in between the platform and the step of the car she became an obstacle to the further operation of the railway, and the jury were

warranted in finding that the defendant's servants in removing her used unnecessary force. The plaintiff was entitled to go to the jury on this ground as a second ground of liability.

The questions as to the admission of evidence which have been argued in this case are not likely to occur in the same form at the new trial, and therefore we do not examine them with particularity. But it is proper to point out that the presiding judge confined the plaintiff within too narrow bounds when he limited her in putting in evidence as to what had occurred at other times to occurrences at or about the same hour at which this accident occurred. The plaintiff should have been allowed to put in evidence of what had occurred on previous occasions under the same conditions that obtained at the time at which this accident occurred, though it did not occur at the same hour.

The entry must be

*Exceptions sustained.*