PEARL LEAVITT *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    November 12, 1915. — January 6, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway, Violation of rule.

If the conductor of a street railway car, who has gone in front of the car at a switching place to set the switch, instead of obeying a rule of the corporation operating the railway which requires him after opening and closing the switch to return to the rear platform of the car and to give the signal of two bells before starting the car, violates this rule by calling from in front of the car to the motorman to "Come on," whereupon the motorman starts the car and a passenger alighting from the rear platform of the car is thrown down and injured, and if this occurs at a place where such passengers as desire to do so usually alight from a car while the switch is being adjusted, although it is not a regular stopping place, in an action brought by the passenger for his injuries thus caused these facts are evidence of negligence on the part of the corporation.

TORT for personal injuries sustained on the morning of May 30, 1913, when the plaintiff was attempting to alight from the rear platform of a street railway car of the defendant in Suffolk Square in Malden. Writ dated August 23, 1913.

In the Superior Court the case was tried before *Bell,* J., who at the close of the evidence, which is described in the opinion, ruled as a matter of law that there was no evidence of negligence on the part of the defendant, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. H. Vahey,* (*P. Mansfield* with him,) for the plaintiff.

*H. D. McLellan,* for the defendant.

DE COURCY, J.   There was evidence which, if believed, would warrant the jury in finding the following facts.   The car, which had come to a stop in Suffolk Square, Malden, was started while the plaintiff was alighting from the step of the rear platform, and she was thrown off and injured.   It had been started by the motorman in response to a signal call to "Come on," given by the conductor from in front of the car where he had gone to turn a switch. This was done in violation of a rule of the defendant, which required the conductor to come back from the switch to the rear platform and to give two bells there before starting the car. Although Suffolk Square was not a regular stopping place, cars frequently stopped there so that the switch might be opened and closed; and then such passengers as desired to do so usually alighted from the car at that point, — several having done so that morning in advance of the plaintiff.   See *Champagne* v. *Boston Elevated Railway*, 217 Mass. 315.

The defendant does not question the plaintiff's due care, but contends that the case is governed by *Coneton* v. *Old Colony Street Railway*, 212 Mass. 28.   In addition to other important differences in the facts, however, there was present here (and not in the Coneton case) the violation of a rule made by the defendant for the guidance of conductors in matters appertaining to the safety of passengers.   This violation well might be found to have injuriously affected the plaintiff, on the ground that if the conductor had gone back to the rear platform the accident probably would not have happened.   Without going further, this evidence entitled the plaintiff to go to the jury on the issue of the defendant's negligence.   *Stevens* v. *Boston Elevated Railway*, 184 Mass. 476. *O'Day* v. *Boston Elevated Railway*, 218 Mass. 515.

*Exceptions sustained.*