HELEN NUTTALL *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    October 2, 1916. — November 27, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Street railway, Invited person.    *Street Railway,* Passenger.

In an action for injuries sustained by reason of the starting of a street railway car of the defendant when the plaintiff was attempting to board it, there was no evidence that the car was at a regular stopping place. The plaintiff testified that there was a long line of cars standing still, of which the car that the plaintiff attempted to enter was the last, and, in response to the question, "Did you see any people getting on or off those cars?" the plaintiff answered, "Yes, they were receiving passengers and some getting off of these cars." *Held,* that it was a question for the jury whether passengers were being received and discharged from the last car, and that, if the jury found that passengers were permitted by the defendant's servants to enter and leave that car, they could find that there was an invitation to the plaintiff to become a passenger.

*Whether,* in the case above described, if there had been evidence that persons were entering and leaving other cars in the line but that no person so entered or left the car which the plaintiff attempted to enter, the plaintiff could have been found to have been a passenger, was mentioned as a question which it was not necessary to decide.

In the same case it was *held* that, if the jury should find that the plaintiff was a passenger, it would be for them to say whether the plaintiff was in the exercise of due care and whether the defendant was negligent.

TORT for personal injuries sustained by the plaintiff on December 23, 1913, and alleged to have been caused by the negligence of the defendant's servants when the plaintiff was attempting to enter a street railway car of the defendant as a passenger at or near the corner of Main Street and Franklin Street in Worcester. Writ dated July 2, 1914.

In the Superior Court the case was tried before *King,* J. The only evidence upon the question of liability was the testimony of the plaintiff, which is described in the opinion. At the close of the plaintiff's evidence the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*C. F. Campbell, J. C. Donnelly & T. C. Carver,* for the plaintiff.

*C. C. Milton, J. M. Thayer & F. H. Dewey,* for the defendant.

CROSBY, J. This is an action to recover for injuries received by the plaintiff while attempting to board an electric car of the defendant on Main Street in Worcester. At the conclusion of the plaintiff's testimony a verdict was ordered for the defendant. The plaintiff testified that there was a line of cars on Main Street that extended from Franklin Street to Chatham Street; that she walked in a diagonal direction from the westerly sidewalk to the last car, which was standing still; that with her right hand she took hold of the car — it started, and she was thrown backward against it and was injured. She further testified that she did not see the motorman or the conductor until after she was injured and had got on the car.

There is no evidence to show that the place where the plaintiff attempted to board the car was a regular stopping place. It is well settled that ordinarily a person who attempts to board a street railway car at a place which is not a regular stopping place does not thereby become a passenger, in the absence of an invitation, express or implied to board the car at that place. Although this court has held that, if a conductor, in response to a signal from a person who desires to enter a car, brings it to a stop at a place other than a regular stopping place and such person is injured by reason of the negligent starting of the car before he has a reasonable opportunity to reach a position of safety, the carrier is liable for such injury, *Rand* v. *Boston Elevated Railway,* 198 Mass. 569, *Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537, yet it is equally

well settled that a carrier is not liable for injuries to a person who attempts to board a car at a place other than the usual stopping place, in the absence of any invitation from the agents of the carrier and when they did not see him or were not chargeable with knowledge of his presence. *O'Loughlin* v. *Bay State Street Railway*, 221 Mass. 65.

The plaintiff, after having testified that there was a line of cars on Main Street extending from Franklin Street to Chatham Street, was asked, "Did you see any people getting on or off those cars?" She answered, "Yes, they were receiving passengers and some getting off of these cars." Upon this evidence, we are of opinion that it was a question of fact for the jury whether passengers were being received and discharged from the last car, which the plaintiff attempted to enter. If the jury found that passengers were permitted by the defendant to enter and leave that car, then it could have been found that there was an invitation to the plaintiff to become a passenger. *Rand* v. *Boston Elevated Railway, ubi supra. Lockwood* v. *Boston Elevated Railway, ubi supra. Buckley* v. *Boston Elevated Railway*, 215 Mass. 50. *Leavitt* v. *Boston Elevated Railway*, 222 Mass. 346.

It is argued by the defendant that there was no evidence that passengers were entering or leaving the car the plaintiff attempted to board. This contention cannot be sustained. The plaintiff did not specifically testify that passengers were leaving the car she attempted to board, nor did she particularly refer in this connection to any other car. Her testimony was to the effect that passengers were getting on and off "of these cars," which included the last car, or at least the jury could have so found. This would seem to be the natural and usual interpretation of the language embodied in her reply.

The case at bar is plainly to be distinguished from those relied on by the defendant, in which there was no evidence to warrant a finding that the plaintiff had become a passenger when injured. *Yancey* v. *Boston Elevated Railway*, 205 Mass. 162. *Coneton* v. *Old Colony Street Railway*, 212 Mass. 28. *Lauchtamacher* v. *Boston Elevated Railway*, 214 Mass. 103.

In view of the conclusion reached, it is not necessary to decide whether the plaintiff could have been found to be a passenger if there had been evidence that persons were entering and leaving

other cars in the line, but it had been shown that no persons were so entering or leaving the car which the plaintiff attempted to board.

If she was a passenger, the questions whether she was in the exercise of due care and whether the defendant was negligent were upon the evidence for the jury.

*Exceptions sustained.*