GEORGE M. BUSH *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.  March 13, 1919. — April 15, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway.   *Street Railway.*

In an action against a corporation operating a street railway for personal injuries
sustained by reason of the starting of a car of the defendant when the plaintiff
was alighting from it as a passenger, there was evidence that the car stopped
temporarily because of street traffic at a place which was not a regular stopping
place, that, while the car was stopped, two passengers alighted from the rear
platform and that the plaintiff followed them, that, as he was stepping from the
car, it started and he was thrown to the ground and injured.  There was no
evidence that the starting signal by bell was given, and there was no evidence
that the motorman was informed or had any knowledge that the plaintiff would
leave the car at that place where it did not appear that cars ever stopped for the
purpose of allowing passengers to alight.  *Held,* that there was no evidence of
negligence on the part of the defendant and that a verdict should have been
ordered for it.

In the case above described, it was *said,* that, assuming that the car was not moving
when the plaintiff attempted to alight and that the conductor was on the rear
platform, where he could have seen the passengers attempting to alight, yet,
not having given the signal for starting, he had no reason to suppose that the
car would start and under such circumstances it was not evidence of his negli-
gence that he failed to warn the passenger; and also that, if the conductor was
on the front platform at the time, as some of the witnesses testified, there was
nothing to show that he knew or had reason to suppose that the plaintiff was
going to leave the car; and accordingly it was *held* that there was no evidence
of negligence on the part of the conductor.

In the same case it also was *held* that it was no evidence of negligence on the part
of the motorman, that he started the car, which had been stopped temporarily
because of street traffic, without waiting for the starting signal of the bell when
he had no knowledge that the plaintiff was in the act of alighting at a place
where he would not be expected to alight.

In the same case it was *pointed out* that the mere fact without more, that two pas-
sengers preceded the plaintiff in alighting from the car, was not evidence that
the plaintiff was invited to leave the car at this place.

TORT for personal injuries sustained on May 25, 1918, when the
plaintiff was alighting as a passenger from a street railway car of
the defendant on Washington Street near the corner of Harvard
Street in Boston.  Writ dated July 6, 1917.

In the Superior Court the case was tried before *Fessenden, J.*
The evidence is described in the opinion.   At the close of the evidence the defendant asked the judge to order a verdict for the defendant.   The judge denied the motion.   The defendant then asked the judge to make the following rulings, besides other rulings which were covered by the judge's charge:

"1. That on all the evidence there is no proof of negligence on the part of the defendant.

"2. That on all the evidence there is no proof of negligence on the part of the conductor.

"3. That on all the evidence there is no proof of negligence on the part of the motorman.

"4. That if the plaintiff saw fit to start to get off the car, stopping temporarily for a blockade, without notifying the motorman or conductor of his intention and the motorman, without knowledge that anybody was getting off, started the car, then there is no negligence on his part in so doing."

"7. That, even if the car was standing temporarily at that place between stops on account of a temporary blockade, the plaintiff cannot recover unless there was some knowledge on the part of the motorman that he was attempting to alight."

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $3,583.   The defendant alleged exceptions.

*F. Ranney,* for the defendant.

*C. W. Rowley,* for the plaintiff.

CARROLL, J.   The plaintiff was injured while alighting from a car on Washington Street, Boston, near the corner of Harvard Street.   The car was north bound and had passed Bennett Street where there was a white post marking a regular stopping place. The next white post was at Kneeland Street, about four hundred feet away.   The plaintiff was employed near the place of the accident.   He testified that the "car was blocked and the car stopped opposite the New Marlborough Hotel; . . . a couple of people went out and the car was stopped, and I says, I will get out here now."   He contended that when he was alighting, the car started and he was injured.   The jury found for the plaintiff.

The evidence was conflicting on many material points, but the jury could have found that, while the car was stopped, two

passengers alighted from the rear platform and that the plaintiff followed them; while stepping from the car, it started, and he was thrown to the ground. There was no evidence that the starting signal by bell was given.

Assuming that the car was not moving when the plaintiff attempted to alight, and that the conductor was on the rear platform, there is nothing in the evidence to show that the conductor was negligent. He did not give a signal to the motorman to start the car; and, while he could have seen the passengers as they attempted to alight, he had no reason to suppose that the car would start; under such circumstances he cannot be considered negligent because he failed to warn the passenger. If he was on the front platform at the time, as claimed by some of the witnesses, there is nothing to show that he knew the plaintiff was going to leave the car or that in the exercise of reasonable care he could have prevented injury to the plaintiff.

Neither was there any evidence of the motorman's negligence. He was not informed, and had no knowledge, that the plaintiff would attempt to leave the car at this place, which was not a regular stopping place and where it does not appear that cars ever stopped for the purpose of allowing passengers to leave the car. He was not negligent in starting the car which had been temporarily stopped because of street traffic, without knowledge that the plaintiff was in the act of alighting and at a place where it would not be expected he would alight. The fact that no starting bell was given and that the motorman stated he always "waited for his bells before starting his car," is not enough under the facts shown to indicate neglect on his part. *Coneton* v. *Old Colony Street Railway*, 212 Mass. 28.

The fact that two passengers preceded the plaintiff in alighting from the car when it stopped, is not itself sufficient to show that the plaintiff was invited to leave the car at this place.

*Defendant's exceptions sustained.*

*Judgment for the defendant under St. 1909, c. 236.*