THOMAS W. MURPHY *vs.* NAHANT AND LYNN STREET RAILWAY. COMPANY.

THOMAS MURPHY, SR., *vs.* SAME.

Essex.   November 17, 1927. — November 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence,* Contributory, In use of highway.

In an action by a driver of a horse drawn caravan twenty-nine feet in length against a street railway company for damages resulting from a collision, there was evidence that the driver of the caravan, when in a place of safety on a public street, straight for a long distance, having seen the street car approaching at a rate of twenty-five miles an hour but two hundred twenty-five to two hundred fifty feet away from him, without looking again turned to cross the rails of the defendant in order to go into an intersecting street on his left; that when his horses were half way across the rail he saw the car one hundred feet away; that he then held up his hand, tried to hurry his horses and immediately the car struck the wagon two and one half feet to three feet in front of the rear axle. *Held,* that it could not be ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TWO ACTIONS OF TORT for personal injuries. Writs dated December 20, 1923.

In the Superior Court, the actions were tried together before *Lummus,* J. Material evidence is stated in the opinion. A motion that a verdict be ordered for the defendant was denied. There were verdicts for the plaintiffs in the sum of $1,250 and $2,250 respectively. The defendant alleged exceptions.

*H. R. Mayo,* for the defendant.

*J. W. Sullivan,* for the plaintiffs.

BY THE COURT. The sole question argued in these cases is whether the driver of a caravan, twenty-nine feet in length, drawn by horses, was guilty of contributory negligence in colliding with an electric car of the defendant. The burden of proof on this point was on the defendant. There was evidence tending to show that the driver, being in a place of safety on a public street, straight for a long distance, and having seen a car approaching at a rate of twenty-five miles an hour but two hundred and twenty-five to two hundred and fifty feet away from him, and without looking again turned to cross the rails of the defendant in order to go into an intersecting street on his left; that when his horses were half way across the rail he saw the car one hundred feet away; that he then held up his hand, tried to hurry his horses and immediately the electric car struck the wagon two and one half feet to three feet in front of the rear axle. The governing principles of law have often been stated and need not be repeated. We are of opinion that the cases were rightly left to the jury. The evidence in its aspect most favorable to the plaintiffs brings both actions within the class illustrated by *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232, and cases there collected, and *Farris* v. *Boston Elevated Railway,* 210 Mass. 585, and distinguishes them from *Ferguson* v. *Old Colony Street Railway,* 204 Mass. 340, *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392, and cases there collected.

*Exceptions overruled.*