ROBERT E. WALKER *vs.* BOSTON ELEVATED RAILWAY COMPANY.

JOSEPHINE C. WALKER *vs.* SAME.

ROBERTA M. WALKER *vs.* SAME.

ALBERT H. WALKER *vs.* SAME.

Middlesex.    December 14, 1928. — January 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, In use of way, Motor vehicle.

At the trial of an action of tort against a street railway company for personal injuries resulting from a collision between a street car of the defendant and an automobile operated by the plaintiff, it could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence on evidence that the accident occurred at the intersection of a street upon which the plaintiff was travelling and a street on which the defendant's car tracks were located, on a day when there was a mixture of rain, snow, wind and hail; that the street was wet but not icy; that the plaintiff had a clear vision through the windows of the automobile; that, as he approached the intersection at a speed of ten miles an hour, he looked for cars as soon as his vision ceased to be obstructed by billboards near the corner to his left, and looked again as he was entering the intersecting street, but that no car was in sight; that he looked a third time when the front wheels of his automobile were about half way between the curb and the nearest rail of the car tracks, a distance of about nine feet from that rail,

and then saw the street car fifty feet away to his left; that he then attempted to put on the brakes, but, realizing that the automobile was going to skid, turned it to the right to avoid a side-on collision; that he heard no gong and had no warning that the car was approaching; that he could have stopped the automobile in ten or twelve feet, but that if he had done so the automobile would have been on the tracks; and that the car, which had been running for several hundred feet at a speed prohibited by the city ordinances without slackening speed and stopping as required by the defendant's rules, struck the left front side of the automobile.

FOUR ACTIONS OF TORT. Writs in the first two actions dated May 15, 1926, and in the second two actions, October 28, 1927.

Material evidence at the trial in the Superior Court before *Thayer*, J., is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant in each action that a verdict be ordered in its favor. There were verdicts for the plaintiffs in the sums of $1,500, $5,000, $100 and $100, respectively. The defendant alleged exceptions.

*A. F. Bickford*, for the defendant.

*J. H. Vahey*, (*P. Mansfield & P. Sherman* with him,) for the plaintiffs.

SANDERSON, J. These are four actions of tort; one by Robert E. Walker to recover for personal injuries and property damage as the result of a collision between an automobile, owned and driven by him, and an electric car of the defendant, and for medical and nursing expenses incurred in consequence of the injuries to himself, his wife and two minor children who were riding with him and suffered the injuries for which the other three actions were brought. It was agreed that there could be no recovery by any of the occupants unless Robert E. Walker was entitled to recover. He will be referred to as the plaintiff. At the close of the evidence, the judge denied the defendant's motion in each case for a directed verdict, and the only question for decision is whether the motions should have been granted.

The defendant conceded that there was evidence of negligence on the part of the motorman. The accident occurred about 7:45 A.M. in Boston at the intersection of Brookline Avenue, which runs substantially east and west, and River-

way, which runs in a northerly to southerly direction but does not intersect the avenue at right angles.   The defendant maintains two lines of tracks on Brookline Avenue, the northerly one being outbound.   The automobile was proceeding southerly on Riverway toward that avenue, and the electric car was moving in a westerly direction on the avenue, thus approaching the automobile from its left.   Brookline Avenue runs straight in an easterly direction from Riverway for at least one thousand feet.   At the corner on the left side of the automobile as it approached the avenue was an open field in which billboards had been erected in a somewhat irregular line from a point near Riverway to a point twenty-seven feet from the curb on Brookline Avenue.   There was testimony tending to prove that a person on Riverway twenty-seven feet north of the curb line of Brookline Avenue would have a vision easterly on Brookline Avenue as far as it is straight; farther north on Riverway the billboards would cut off this distant view.   The weather on the day of the accident was described as a mixture of rain, snow, wind and hail and at the time of the accident it was hailing.   Before reaching Brookline Avenue the plaintiff stopped to adjust his windshield wiper.   His testimony tended to prove that the windows on the left side of the automobile were clear so that there was nothing in the automobile to prevent his seeing in that direction after passing the point where the billboards obstructed the view.   He was driving on the right side of Riverway and at the first place he could see beyond the billboards he looked for cars coming on Brookline Avenue.   He testified that when he was about the width of the sidewalk back from the avenue, or when the front wheels were entering it, he looked again and no car was in sight.   He believed it was safe to cross.   He next looked when his front wheels were about halfway between the sidewalk and nearest rail, and saw the car about fifty feet away.   Realizing that if he went straight ahead there would be a side-on collision, he attempted to put on his brakes, saw the automobile was going to skid, and turned it to the right in the direction in which the street car was moving, thinking that the car might be stopped before the automobile got to the track or might get

by without a collision.   The front left side of the automobile was struck by the electric car.   So far as the plaintiff knows, the automobile was close to the track but not on it.   The defendant's testimony tended to prove that the point of impact was on the side of the car near the third window from the front.   The plaintiff testified that the surface of the street was wet but not icy; that the automobile was moving about ten miles an hour as it approached the corner; that he was so operating it that he could control it almost instantly under ordinary circumstances, and also could control it under the circumstances existing that morning; that he was operating it as carefully as could be.   With the surface of the street as it was that day, the plaintiff thought that, when going at ten miles an hour, he ought to be able to stop in ten or twelve feet and that the reason he did not stop was because in that distance he would have been on the track and a side crash would have resulted; that when he first saw the car if he applied the brakes he would be on the track.   The space between the curb and the nearest rail is nineteen feet.   He testified that he heard no bell nor gong sounded and had no warning that the car was coming, that he was familiar with the location and was on the lookout for vehicles.   The jury could find that the street car, in travelling over the last two hundred fifty feet before reaching the point where it would be in the path of the automobile if it kept to the course by which the avenue was approached had passed a white post and a stop signal, at which the rules of the company required that a full stop be made, and also a run slow signal, was crossing an intersecting street, and throughout this course was moving at a speed prohibited by the city ordinances, without slackening its speed, and that it went over fifty yards after the collision.

Some of these facts bearing on the defendant's negligence might aid the jury in deciding whether or not the car was so far from the place of the accident when the plaintiff looked that his failure to see it was a careless act contributing to cause the accident.   When the plaintiff looked the first and second times, the car may have been so far away that a reasonably prudent and careful man if he had looked and seen it

would be justified in deciding that he could cross in safety. Careless looking for a street car prevents recovery only when the approaching car is so near or coming at such speed that if the plaintiff had looked carefully it would be contributory negligence as matter of law for him to cross in front of it. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232, 234.    *Barnett* v. *Boston Elevated Railway,* 244 Mass. 418, 420.

When we consider the fact that the accident occurred at intersecting streets, meeting as these streets met, the position of the billboards, the condition of the street surface, the weather, the distance the car may have been from the place of accident when the plaintiff looked, and the other circumstances in the case, we are unable to say as matter of law that the plaintiff was not in the exercise of due care.    The question, whether he had negligently placed himself in a position of peril, was for the jury.    Inasmuch as there was nothing in the evidence to justify a different conclusion in any of the cases the entry in each must be

*Exceptions overruled.*