HERBERT B. NEWTON *vs.* WORCESTER CONSOLIDATED STREET RAILWAY COMPANY.

Worcester.    September 24, 1930. — December 16, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Motor vehicle, Street railway, In use of way.

At the trial of an action of tort against a street railway company for injuries sustained in a collision between an automobile operated by the plaintiff and a street car of the defendant, there was evidence that the defendant's car tracks emerged from a private way to the left of the street on which the plaintiff was travelling and intersected it; that a sign fastened on the trolley wire at the intersection directed the motormen of street cars to stop before entering the street; that the plaintiff knew of the presence of the sign; that the plaintiff, when the automobile was fifty feet from the intersection and moving at fifteen to twenty miles per hour, looked to his left, in which direction he could see up the defendant's track for a distance of two hundred thirty feet, and saw no street car on the tracks; that then he slowed to ten or fifteen miles an hour and looked to his right; that, while proceeding at that speed and distant five or six feet from the tracks, he saw the car ten feet to his left and moving at twenty to twenty-five miles per hour; that it slowed to ten to fifteen miles per hour, but did not stop

nor sound a signal at the crossing; and that it struck the automobile. *Held*, that

(1) There was evidence of negligence on the part of the motorman of the street car;

(2) A finding was warranted that, although the plaintiff should have seen the car, in the circumstances he was entitled to rely to some extent on the fact that the sign required that all cars should be stopped before entering the street, and that the motorman would observe the instruction and would give some warning of the approach of the car;

(3) It could not be said as a matter of law that the plaintiff was not justified in deciding that he could cross the intersection in safety;

(4) It could not have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TORT. Writ dated March 20, 1928.

There was evidence at the trial in the Superior Court before *Collins*, J., that Alvarado Avenue in Worcester ran parallel to and one hundred ninety to two hundred feet distant from Coburn Avenue. Other material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $600 was recorded. Thereafter the judge denied a motion by the defendant that a verdict be entered in its favor. The defendant alleged exceptions.

*C. C. Milton*, (*S. B. Milton* with him,) for the defendant.
*J. J. MacCarthy*, for the plaintiff.

PIERCE, J. This is an action of tort to recover for personal injuries and property damage growing out of a collision between an automobile operated by the plaintiff and a trolley car of the defendant at a point on Coburn Avenue, a public highway in the city of Worcester, where the defendant's track, coming from a private way, crosses. At the close of all the evidence the defendant filed a motion for a directed verdict in its favor, and to the denial of this motion it duly excepted. The jury returned a verdict for the plaintiff. The judge reserved leave to enter a verdict for the defendant under G. L. c. 231, § 120. The defendant made a motion that the judge enter a verdict in its favor under the reservation, and upon his refusal to allow this motion the defendant

duly excepted.   The case is before this court on the defendant's exceptions.

The evidence was conflicting, but in its aspect most favorable to the plaintiff the jury were warranted in finding the following facts: On a clear day at about 1:30 P.M. the plaintiff, driving his automobile with all the windows and the windshield closed, was proceeding northerly and to the right of the center of Coburn Avenue, a straight street thirty-one feet wide between the gutters.   The car tracks of the defendant, on a down grade, emerge from a private right of way between Alvarado Avenue and the westerly side line of Coburn Avenue and cross Coburn Avenue at grade.   A "stop" sign on the day in question, and before that time, was fastened to the trolley wires and meant that the trolley cars should stop at the entrance to Coburn Avenue.   The plaintiff was familiar with this crossing and before the collision "he had noticed that trolley cars usually stopped."   As the plaintiff was travelling northerly on Coburn Avenue this "stop" sign was at his left and in the direction from which the trolley car came which was in collision with the plaintiff's automobile.   When the plaintiff was fifty feet from the tracks, moving at the rate of fifteen to twenty miles an hour, he looked to his left and could see twenty to thirty feet beyond Alvarado Avenue — a distance of two hundred thirty feet up the defendant's tracks.   He saw no trolley car on the defendant's tracks.   Thereafter he slowed down to ten or fifteen miles an hour, looking to his right "to see if there was a car coming up from the Lake."   While going ten or fifteen miles an hour and distant five or six feet from the tracks, he first saw the trolley car "right around ten feet to his left" and at a point just where the gutter would be if there were a sidewalk on Coburn Avenue at his left.   When he saw the car, in his opinion it was going twenty to twenty-five miles an hour, but it slowed down to ten or fifteen miles an hour as it approached Coburn Avenue.   It did not stop at the crossing, "no whistle was sounded or gong sounded or

any other signal given by the trolley car." The plaintiff, to avoid being hit head on, swung his automobile to the right. It was struck by the trolley car opposite the left front door, forced around further to the right, and again struck in the rear and pushed against a post.

On the above facts there can be no serious contention that the failure of the defendant's motorman to stop at the "stop" sign was not evidence of his negligence which warranted a finding that the failure to stop was the direct cause of the collision which otherwise would not have occurred. In the circumstances attending the collision, the defendant contends that when the plaintiff looked to his left the trolley car must have been in plain sight and near at hand and that therefore the case is within the rule of *Pigeon* v. *Massachusetts Northeastern Street Railway,* 230 Mass. 392, and kindred cases, cited in its brief, and that the plaintiff was careless as matter of law.

The jury could have found without affirmative testimony that while the car should have been seen, a reasonably prudent and careful man who had knowledge of the "stop" sign and had noticed that trolley cars were usually stopped at the entrance to Coburn Avenue would to some extent rely upon the fact that such a sign required that all trolley cars should be stopped before entering Coburn Avenue and that the motorman would observe the instruction and would give some warning of the approach of the trolley car. Indeed, when the plaintiff looked, the car may have been so far away that a reasonably prudent and careful man if he had looked and seen it, would have been justified in deciding that he could cross in safety. "Careless looking for a street car prevents recovery only when the approaching car is so near or coming at such speed that if the plaintiff had looked carefully it would be contributory negligence as matter of law for him to cross in front of it." *Walker* v. *Boston Elevated Railway,* 266 Mass. 141, 145. *Jeddrey* v. *Boston & Northern Street Railway,* 198 Mass. 232. The facts did not warrant a ruling that the defend-

ant was not negligent or that the plaintiff was guilty of contributory negligence. In the opinion of the majority of the court it follows that the entry must be

*Exceptions overruled.*

*Judgment on the verdict.*