FREDERICK W. FINN *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Suffolk.   January 4, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way.

At the trial of an action of tort for personal injuries against a street railway company, it was proper to refuse to rule as a matter of law that the plaintiff was guilty of contributory negligence where there was evidence that the defendant's tracks were at one side of a public

way; that the plaintiff had parked his automobile in or near a driveway leading from the side of the public way where the defendant's tracks were; that, before starting to back from his parking place to cross the defendant's tracks to the travelled part of the public way, he walked to the public way, looked in both directions along the tracks where he had a clear view for several hundred feet, and saw nothing approaching; that he then walked back, entered his automobile and backed toward the public way and was on the defendant's tracks when he saw a street car approaching from his left between two hundred fifty and two hundred feet distant, apparently preparing to stop at a white pole at his left, and an automobile approaching from his right about seventy-five feet distant; that he stopped on the defendant's tracks to allow the automobile to pass, listened for a warning signal from the street car, and heard none until the street car was about five feet distant; and that he was struck by the street car and was injured.

TORT for personal injuries.  Writ dated May 16, 1928.

In the Superior Court, the action was tried before *W. A. Burns*, J.  Material evidence is stated in the opinion.  A motion by the defendant that a verdict be ordered in its favor was denied.  There was a verdict for the plaintiff in the sum of $8,065.  The defendant alleged exceptions.

*A. F. Bickford*, for the defendant.

*W. B. Keenan*, (*J. A. Treanor, Jr.*, with him,) for the plaintiff.

WAIT, J.  We find no error.  The defendant contends that the trial judge should have directed a verdict in its favor on the ground that the plaintiff contributed to the injury and damage suffered by him through his own lack of due care.

It was undisputed that the plaintiff's automobile was struck by a moving car of the defendant.  The circumstances were disputed.  There was evidence that the automobile had been parked about twelve feet from the defendant's track in or near the driveway leading from the highway to a house where he had visited.  To reach the travelled part of the highway the plaintiff must cross the defendant's rails.  He testified that he walked to the highway, looked in both directions along the tracks where he had a clear view for several hundred feet, saw nothing approaching, walked back, entered his automobile and backed toward the highway.  As he got upon the rails, he saw the defendant's car some two hundred fifty to two hundred

feet away to his left, apparently slowing as if to stop at an intervening white pole, and an automobile about seventy-five feet distant to his right. He stopped on the rails to allow the latter to pass before backing further to the travelled way and then, after it passed, started backing. He listened for a warning signal from the car and heard none, but just as he started again he heard a sharp toot, looked up, saw the car about five feet away and was struck. Other witnesses contradicted this account; but the credit to be given to the testimony was for the jury. We cannot properly say that, as matter of law, this evidence required a finding of lack of due care on the part of the plaintiff. If his story was accepted as true, it might be found that in getting upon the tracks and in stopping as he did because of the passing automobile in full sight of the approaching car he was using such care as a reasonable man, justifiably trusting that the motorman would proceed with due regard to his position, would use. The accident occurred about half past four o'clock in the afternoon, in daylight. It is not as if darkness interfered with the sight of the actors.

The case falls within the line indicated by *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, *Hatch* v. *Boston & Northern Street Railway*, 205 Mass. 410, *Maderios* v. *Boston Elevated Railway*, 254 Mass. 302, *Murphy* v. *Nahant & Lynn Street Railway*, 261 Mass. 207, *Walker* v. *Boston Elevated Railway*, 266 Mass. 141, *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, *Newton* v. *Worcester Consolidated Street Railway*, 273 Mass. 490, 493. It is distinguished by its facts from cases like *Birch* v. *Athol & Orange Street Railway*, 198 Mass. 257, *Tognazzi* v. *Milford & Uxbridge Street Railway*, 201 Mass. 7, *Ferguson* v. *Old Colony Street Railway*, 204 Mass. 340, *Pigeon* v. *Massachusetts Northeastern Street Railway*, 230 Mass. 392, *Hurd* v. *Eastern Massachusetts Street Railway*, 254 Mass. 204, and *Daignault* v. *Berkshire Street Railway*, 277 Mass. 227.

*Exceptions overruled.*