WALTER J. BROWN *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.   April 7, 1939. — May 24, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence,* Contributory; Street railway: station, overhang of car.

Upon evidence that a passenger at a station of a street railway company
and on a path provided for his use, hearing a car approaching from
behind him on an adjacent track, turned and saw it but continued
on his way, and that the motorman, seeing him, without a warning
signal, attempted to pass him when the car, owing to its overhang
as it took a curve, struck and injured him, a ruling of contributory
negligence on the part of the passenger was not required, and a find-
ing of negligence of the motorman was warranted.

TORT. Writ in the Superior Court dated July 23, 1935.

Before *F. T. Hammond,* J., there was a verdict for the
plaintiff in the sum of $7,725.

*C. S. Walkup, Jr.,* for the defendant.

*R. T. Bushnell,* (*J. Lewiton* with him,) for the plaintiff.

DOLAN, J. This is an action of tort in which the plain-
tiff seeks to recover compensation for personal injuries
sustained by him in the Arlington Heights station of the
defendant. The case was tried to a jury, which returned
a verdict for the plaintiff. It now comes before us on the
defendant's exceptions to the denial of its motion for a
directed verdict, to the refusal of the judge to enter a ver-
dict for it under leave reserved, and upon the plaintiff's
exceptions to the exclusion of certain evidence.

The jury could have found the following facts: On March
23, 1935, at about 4 P.M., the plaintiff alighted from one of
the defendant's cars at its Arlington Heights station. He
then proceeded to the men's room in the building in the
station yard. Upon leaving this room he walked along
the gravel path beside the building, which contained a
waiting room and other rooms, and continued on toward
the sidewalk on Massachusetts Avenue. The gravel path

ran between this building and the outgoing car tracks. It is conceded that the plaintiff had a right to use this path, which was in common use by passengers, and that while so doing he retained his status as a passenger. (See *Legge* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 88, 89, 90.) The path measures six feet in width between the outgoing tracks and the nearest portion of the building containing the waiting room, and is parallel to the side of that building except at a point near the Massachusetts Avenue sidewalk where the tracks turn to the right onto Massachusetts Avenue in the direction of Harvard Square, Cambridge. As a car comes from the rear of the station and proceeds along the tracks parallel to the building before referred to, there is ample space between the building and the tracks in which one can walk in safety. But when a car starts to take the curve and cross the sidewalk at Massachusetts Avenue, the rear end of the car overhangs the pathway, the overhang increasing as the car proceeds further along the curve and reaching a maximum overhang of four feet six inches at a point ten feet in from Massachusetts Avenue. The overhang is four feet one inch when the car is at a point near a catch basin in the path where the plaintiff was injured. As the plaintiff was walking along the path he heard a car coming behind him. He turned his head and saw it coming and kept on walking along the path. The operator did not stop the car involved as it · came to the sidewalk at Massachusetts Avenue, but continued to operate it onto Massachusetts Avenue, without sounding the bell, and as it proceeded the rear end of the car struck the plaintiff and knocked him down at a point near the catch basin. Had the car been brought to a stop at the sidewalk before leaving the yard, the body of the car would still have been parallel to the building to which reference has been made, and the overhang of the car would have been but eighteen inches, thus allowing the plaintiff to walk in the middle of the path in safety. The plaintiff had been a passenger on cars of the defendant at the Arlington Heights station over a period of many years.

In these circumstances we think it cannot properly be ruled as matter of law that the plaintiff was guilty of contributory negligence. He was walking in a place where he had a right to be as a passenger. He was not disregardful of his own safety. He looked around and saw the car involved coming. It could be found that he did not look carelessly. *Newton* v. *Worcester Consolidated Street Railway*, 273 Mass. 490, 493. See also *Morrissey* v. *Boston Elevated Railway*, 210 Mass. 424, 425, 426. The jury could find that he was in plain view of the operator of the car. He was entitled to rely to some extent on the operator using reasonable care to prevent the car from striking him as he walked along the path. *Brereton* v. *Milford & Uxbridge Street Railway*, 223 Mass. 130, 133. *White* v. *Eastern Massachusetts Street Railway*, 299 Mass. 70, 72. *DeLodge* v. *Boston Elevated Railway*, 300 Mass. 219, 222. The plaintiff acted voluntarily, but we think it cannot be said that, in continuing to walk along the path devoted to the entrance to or exit from the defendant's station, his conduct in that respect was not that which would have been pursued by a reasonably prudent man in the same situation. *Newton* v. *Worcester Consolidated Street Railway*, 273 Mass. 490, 493. "The accident occurred . . . in daylight. It is not as if darkness interfered with the sight of the actors." *Finn* v. *Eastern Massachusetts Street Railway*, 279 Mass. 196, 198.

The issue whether the defendant was guilty of negligence was properly submitted to the jury. The defendant was bound to use proper care to see that the plaintiff, its passenger, who had alighted from one of its cars at a station provided for that purpose, should have safe means of exit therefrom. In the instant case, as distinguished from the case of *Legge* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 88, the plaintiff did not take a path of danger, but proceeded along the path designed by the defendant for that purpose. The defendant therefore owed to the plaintiff a high degree of care that he might leave its station safely. *Champagne* v. *Boston Elevated Railway*, 217 Mass. 315, 317.

The jury could find that no warning was given to the plaintiff, although he was in plain view of the operator of the car. They could find that the operator of the car should have anticipated that the plaintiff would continue to walk along the path designed for that purpose by the defendant, and that the overhang of the car, if the car continued along the curve without stopping, might or would strike and injure the plaintiff. In these circumstances the jury could find that the defendant was negligent and that as a result the plaintiff sustained the injury complained of. *Niles* v. *Boston Elevated Railway*, 230 Mass. 316, 319. *Diamato* v. *Eastern Massachusetts Street Railway*, 296 Mass. 476, 478. Since the plaintiff states in his brief that he does not desire to have his exceptions considered unless the defendant's exceptions are sustained, they are treated as waived.

*Plaintiff's exceptions waived.*
*Defendant's exceptions overruled.*