DENNIS CREAVIN & another *vs.* NEWTON STREET RAILWAY COMPANY.

Middlesex.    March 23, 1900. — September 5, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Personal Injuries — Evidence justifying a Finding of Due Care.*

In an action for personal injuries occasioned to the driver of a covered express wagon and his employee by the collision thereof with an electric car, evidence on which the jury could find that both plaintiffs looked to see if a car was coming when, seated as they were in the wagon, they were fifteen feet from the track; that their view was obstructed until they reached that point; that they saw the car and each thought that it was then one hundred to one hundred and five feet away, and that in fact the car was then about one hundred feet away; that they thought they had ample time to cross the tracks, and for that reason drove across at a walk; and, finally, that the car was being driven at the rate of fifteen to seventeen miles an hour, in place of eight miles an hour as the city ordinance required, authorizes a finding that the plaintiffs thought that the motorman saw them and would look out for them, and that they were in the exercise of due care, whether their estimates were right or not; their estimates, as a matter of fact, being right.

TORT, for personal injuries occasioned to the plaintiffs by the collision of a covered express wagon on which they were riding with an electric car. Trial in the Superior Court, before *Hardy*, J., who directed the jury to return a verdict for the defendant; and the plaintiffs alleged exceptions, which appear in the opinion.

*M. J. Connolly & R. Levi,* for the plaintiffs.

*G. L. Mayberry,* (*T. J. Kenny* with him,) for the defendant.

LORING, J.   The only question in this case is whether there was evidence that the plaintiffs were in the exercise of due care. The plaintiffs were injured by a collision between their wagon and an electric car.   The plaintiff Creavin was an expressman, and was driving with the plaintiff Connors, who was employed by him, in an ordinary covered express cart, northeasterly up Pine Street to cross River Street in West Newton, at about half-past eight o'clock, on the evening of December 22.   The electric cars run on the southerly side of River Street, close to the sidewalk on that side of the street.   Pine Street intersects River Street at an angle of forty-five degrees.   The electric car which struck the plaintiffs was going east; the plaintiffs' wagon was struck about the rear of the forward wheels; the body of the wagon was thrown to the right, and the horse and forward wheels were thrown to the left.   It was a fair, starlight night. The plaintiffs were driving at a walk when they were struck.

. There was evidence in this case on which the jury could have found that both plaintiffs looked to see if a car was coming when, seated as they were in the wagon, they were fifteen feet from the track; that their view was obstructed until they reached that point; that they saw the car and each thought that it was then one hundred to one hundred and five feet away, and that in fact the car was then about one hundred feet away; that they thought they had ample time to cross the tracks, and for that reason drove across at a walk; and, finally, that the car was being driven at the rate of fifteen to seventeen miles an hour, in place of eight miles an hour as the city ordinance required.   These facts would authorize a finding that the plaintiffs thought that the motorman saw them and would look out for them, and that they were in the exercise of due care, whether their estimates were right or not.   Moreover, it will be found by making the necessary computations that their estimates were right; that is to say, if the car was one hundred feet away when the plaintiffs seated in the wagon were fifteen feet from the track, the plaintiffs driving at the rate of three and one half miles an hour would have got across the tracks without a collision, if the car had come at the rate of

eight miles an hour ; and, if the car came at the rate of sixteen miles an hour, a collision would have ensued, substantially as it did.

The case should have been submitted to the jury.

*Exceptions sustained.*