CHARLES R. FITCH vs. BAY STATE STREET RAILWAY COMPANY.
CORA B. FITCH vs. SAME.

Plymouth.   November 8, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* In use of highway, Contributory.

At the trial of actions respectively by a wife and by her husband against a street railway company for damages resulting from a motor car of the husband being run into from the rear by a street car of the defendant, there was evidence tending to show that the accident happened at about ten o'clock in an evening in July, 1916; that the defendant's tracks were at the right hand side of a public way, and that between them and a sidewalk was a gutter with sloping sides; that the husband, after looking for an approaching street car but seeing none, drove upon the track and stopped partly on the defendant's track and with the right hand side of the motor car toward the sidewalk and the right hand wheels in the gutter in order to make access by two guests to their home, before which he had stopped, more convenient and safe because one of them was a paralytic and the other was blind and because of a constant line of automobiles which was passing in the highway; that the rear light on the motor car was lighted; that after the husband and his son had assisted the paralytic to the sidewalk, they observed the defendant's street car approaching about six hundred feet behind them and the son ran back in an effort to have the motorman stop the street car, while the husband attempted to get his wife and the blind guest from the motor car; that, it being apparent that the son was unable to have the street car stopped, the husband at first started for the driver's seat of the motor car, but abandoned that effort because of the nearness of the street car; and that the wife, who at first waited for her son to have the street car stopped, when she saw the futility of his efforts, was trying to get out of the motor car when it was struck. *Held,* that it could not be ruled as a matter of law that either plaintiff was negligent.

TWO ACTIONS OF TORT, the second action being for personal injuries and the first action being by the husband of the plaintiff in the second action for loss resulting to him from her injuries and for damage to his automobile resulting from a collision at about ten o'clock in the evening of July 24, 1916, with a street car of the defendant.   Writs dated May 14, 1917.

In the Superior Court, the actions were tried together before *Cox,* J.   The material evidence is described in the opinion.   At the close of the evidence, the defendant moved that a verdict for

it be ordered in each case. The motions were denied. It is stated in the record that, after the arguments and before the charge to the jury, the counsel for the plaintiffs stated to the trial judge "that he was willing that the jury should be instructed that if they were satisfied by a fair preponderance of the evidence that either Mr. Fitch or Mrs. Fitch was not in the exercise of due care, it would be the duty of the jury to return a verdict for the defendant in both cases. To this instruction the defendant's counsel assented; and it was agreed that the question of imputed negligence should not be submitted to the jury."

The jury found for the plaintiff in the first action in the sum of $124, and for the plaintiff in the second action in the sum of $1,000; and the defendant alleged exceptions.

*Asa P. French,* (*J. W. French* with him,) for the defendant.

*H. D. McLellan & E. A. McMaster,* for the plaintiffs, submitted a brief.

BRALEY, J. It having been stipulated at the trial that if either plaintiff was negligent a verdict should be returned for the defendant, the cases were submitted to the jury under instructions to which no exceptions appear to have been taken. The jury having found for the plaintiffs, the cases are here on the defendant's exceptions to the denial of its motions for directed verdicts, and to the refusal of the trial judge to rule that upon all the evidence neither of the plaintiffs exercised due care.

The jury would have been warranted in finding that the plaintiffs, who are husband and wife, accompanied by their son and daughter, and by a Mr. and Mrs. Snow, with their daughter, were riding in Main Street, a public way in Bridgewater, in the husband's automobile driven by himself. The defendant's car track ran along the easterly edge of the street, and a gutter nine or ten inches deep with sloping sides intervened between the track and sidewalk. The Snows lived on that side of the street and, Mrs. Snow being blind and Mr. Snow a sufferer from paralysis, Mr. Fitch for the purpose of enabling them to reach their home, to which there was no driveway, as easily and safely as possible, after looking for but not seeing any car coming, drove upon the track in front of the Snows' premises and stopped with the right hand wheels in the gutter. A procession of automobiles was passing and it could be found on his evidence that because of the

crowded thoroughfare it was safer to stop where he did than to stop in the roadway outside of the track. The rear lamp of the automobile was lighted, and, after applying the emergency brake, he left the engine running, stepped out of the car, and with the aid of his son assisted Mr. Snow to alight, and lifted him over the sidewalk to the lawn. During the transfer Mr. Snow dropped his cane. It was picked up by the plaintiff's son and handed to his father who replaced it in Mr. Snow's hands, "and then I got him back a few steps just off the main sidewalk on to the private walk, out of the way of pedestrians." While thus engaged Mr. Fitch observed the defendant's car coming around a curve in the track more than "six hundred feet" from the rear end of the automobile, in which Mrs. Snow and Mrs. Fitch had remained. Mr. Fitch at once left Mr. Snow and went to the assistance of Mrs. Snow and his wife, while his son ran back and endeavored to have the motorman stop the car. But his efforts were of no avail. The car had slackened speed on entering, but in rounding the curve its speed was necessarily accelerated. When Mr. Fitch realized that the car had not stopped, and the situation was becoming very dangerous, he started for the driver's seat, but the car was so close that any effort to start the automobile was wholly impracticable, and he was on the sidewalk when the collision occurred. Mrs. Fitch from her position on the front seat saw her son meet the car, which was then going very slowly, but upon observing that it was moving with increasing speed she endeavored to get out. It was, however, too late to escape and she was injured.

It is plain that it could not be ruled as matter of law that either plaintiff acted heedlessly, or was willing to take the chance of being injured. The plaintiffs were lawfully using the street, and the conduct of Mr. Fitch in stopping, and in assisting the Snows to reach their home, the jury could say was justifiable under the circumstances for the needs and welfare of his guests. *Evensen* v. *Lexington & Boston Street Railway*, 187 Mass. 77. *Chaput* v. *Haverhill, Georgetown, & Danvers Street Railway*, 194 Mass. 218, 220. The present case is distinguishable from *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489, where the plaintiff, knowing that a car was approaching, deliberately stopped his automobile on the track without taking any precautions what-

ever for the personal safety of his wife or of himself. Mrs. Fitch who had seen her son run back and meet the approaching car when it was quite a distance away, well may have had no reason to anticipate that the motorman would not see the automobile and avoid running into it. If in the light of what happened she overstayed, a "plaintiff is not to be charged with negligence because of a mere error of judgment, especially when the circumstances are such as to call for speedy decision and action." *Hennessey* v. *Taylor*, 189 Mass. 583, 585. *Hanley* v. *Boston Elevated Railway*, 201 Mass. 55, 58.

We are accordingly of opinion that the exceptions in each case should be overruled.

*So ordered.*