ALBERT H. AUSTIN *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Essex.    May 15, 1929. — December 30, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence*, Street railway, In use of way, Motor vehicle, Contributory. *Evidence*, Competency.

At the trial of an action of tort against a street railway company for personal injuries and damage to the plaintiff's automobile sustained in a collision between the automobile and one of the defendant's cars, there was evidence that the plaintiff was operating the automobile at night upon a way twenty feet wide, at one side of which, to the plaintiff's right, was a single track of the defendant; that there was a strip of gravel four feet wide between the edge of the travelled way and the nearer rail; that the lights of the automobile were lit; that the plaintiff saw two automobiles and the defendant's car approaching him from the opposite direction about two hundred yards away; that

the automobiles were abreast and going very fast; that, in order to avoid the two automobiles, he then "pulled to the right side of the road and stopped" parallel to the tracks, with his right wheels on the gravel about a foot from the nearer rail and his left wheels on the travelled way; that, when he had stopped, the street car was about one hundred yards away and the automobiles thirty to fifty feet away; that the automobile nearer his side, when about one hundred twenty-five feet from where he stopped, had begun to "draw ahead and cut in"; that it passed the other automobile and went to its own side of the road before reaching the place where the plaintiff was stopped; that the plaintiff then waited for several automobiles to pass from his rear before attempting to "get in line"; and that, when he was about to start up, the street car collided with the right front part of his automobile. *Held*, that

(1) The question, whether the motorman of the street car was negligent, was for the jury;

(2) Although the presumption under G. L. c. 231, § 85, that the plaintiff was in the exercise of due care, disappeared when evidence was introduced upon that issue, it could not properly have been ruled as a matter of law that he was guilty of contributory negligence: a finding was warranted that the manner in which he managed his automobile was prudent in view of the exigencies of travel;

(3) The plaintiff having been asked, "Why did you pull out?" there was no error in a refusal by the trial judge to strike out the words "expecting to be hit" from the answer by the plaintiff, "To make room for these oncoming cars expecting to be hit."

TORT. Writ dated October 25, 1926.

Material evidence at the trial in the Superior Court before *Qua*, J., is stated in the opinion. The judge refused to order a verdict for the defendant at the close of the evidence. The jury found for the plaintiff in the sum of $1,800. The defendant alleged exceptions.

*I. W. Sargent*, for the defendant.

*J. J. Donahue*, for the plaintiff.

FIELD, J. This is an action of tort to recover for personal injuries and property damage alleged to have resulted from a collision between an automobile owned and operated by the plaintiff and one of the defendant's trolley cars. It was tried by a judge and a jury. There was a verdict for the plaintiff. The case is here on the defendant's exceptions to the refusal of the judge to direct a verdict for the defendant and to strike out certain testimony.

1. It was not error to refuse to direct a verdict for the defendant.

The following facts were not in dispute: The collision occurred in the evening when the plaintiff was driving his automobile south on a street running north from Haverhill. The travelled part of the way at and for a long distance each side of the place of collision was twenty feet wide, built of cement and level. The defendant's single track was laid within the limits of the way on the westerly side of the travelled part thereof. Between the westerly edge of the cement and the easterly rail of the defendant's track was a strip of gravel four feet wide. The space between the rails was four feet eight and one half inches wide filled with gravel and reasonably smooth, and the rails did not stand appreciably above the level of the gravel. The weather was fair and lights were necessary on all vehicles.

The evidence as to the way in which the collision took place was conflicting. However, there was testimony which, if believed, warranted the jury in finding that the defendant was negligent. The plaintiff testified that traffic was heavy in both directions, that he saw two automobiles abreast with "very bright" lights coming toward him "very fast," that "when the headlights came in his sight they were about one hundred fifty to two hundred yards or so away from him," and that he "pulled to the right side of the road and stopped, probably within a foot or so of the defendant's track, with the right wheels of his automobile on the gravel and the left wheels of it on the cement and the wheels of it parallel with the track." After "he first saw the lights of the two approaching automobiles he traveled maybe fifty feet or so before stopping" and "when he came to a full stop the two automobiles were somewhere around between thirty and fifty feet ahead of him." He "pulled up in order to make room for the oncoming autos," but when they actually reached him one already had passed the other and was on its own side of the road, so that one half of the cement road was free for his use. After the two automobiles passed the plaintiff he "looked back to allow the automobiles coming his way to get by him so that he could get in line." He "could not turn into the road immediately without being hit by something from the rear."

While he was waiting for his turn to get into line "at least two or three automobiles came by him, probably fairly close together, close enough so that he wouldn't try to get in between them . . . they were travelling at an ordinary speed, about thirty miles an hour." When he turned around to start his automobile the trolley car was upon him. Its right front part struck the right front part of the plaintiff's automobile. Before the collision his lights were lighted. When the plaintiff "first saw the trolley car it was back of the two automobiles and was coming toward him, probably twenty-five yards or so back of the automobiles, and at that moment the automobiles were two hundred yards away from him." When "he came to a stop the trolley car was a hundred yards or so away." At no time "after he turned in and came to a stop, and prior to the accident, was there anything on the car tracks between his automobile and the electric car that obscured the view." On this evidence and the undisputed facts the jury could have found that under the circumstances of the case in the exigencies of travel the duty or necessity of turning out for other vehicles might bring and keep for some time an automobile dangerously near to the track; that the defendant's motorman either saw, or, in the exercise of proper diligence, ought to have seen at a distance of from one hundred to two hundred and twenty-five yards, that the plaintiff's automobile was outside the stream of traffic and near the track, and, at a distance of one hundred yards, that it was stopped near the track; and that due care required the motorman to reduce the speed of the trolley car so that when he saw, or ought to have seen, that the automobile was not being turned back into the stream of traffic he could have stopped the trolley car. On the question of the negligence of the defendant the case is not distinguishable from *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489.

Since there was evidence on the issue of the plaintiff's due care, the presumption that he was in the exercise of such care disappeared (*Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 378, *Bagnell* v. *Boston Elevated Railway*, 247 Mass. 235, 238), but it cannot be said as matter of law that the

defendant has sustained the burden imposed on him by statute of proving contributory negligence — want of due care (*O'Connor* v. *Hickey*, 268 Mass. 454) — on the part of the plaintiff.  G. L. c. 231, § 85.  The defendant contends that the plaintiff according to his own testimony (by which he is bound, *Goodwin* v. *E. B. Nelson Grocery Co.* 239 Mass. 232), was negligent in bringing his automobile to a stop near the rail or in failing to get in motion away from the rail before the trolley car struck it.  He was negligent in stopping his automobile where he did unless the exigencies of travel required (*Hurd* v. *Eastern Massachusetts Street Railway*, 254 Mass. 204) and even "in an emergency, one must yet exercise reasonable care under the circumstances." *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489, 494.  The emergency which the plaintiff faced was the fact that two automobiles abreast were coming toward him "very fast," but, as the event proved, when they reached him he had room enough to pass them without turning out of the travelled way.  Moreover, according to his testimony on cross-examination "the automobile on his side began to draw ahead and cut in" at a point about one hundred and twenty-five feet from the place where he stopped, and when it "began to draw ahead of the other it was far enough away so that it wasn't risky to him then."  This testimony, however, was consistent with the plaintiff's being out of the stream of traffic by the time the approaching automobile began to draw ahead and cut in.  Though in retrospect it may appear that the plaintiff's choice of a course of action was mistaken, we cannot say as matter of law that at the time he made the choice, in view of the need of speedy decision and action, it was not a prudent one under the circumstances of the case.  "A choice may be mistaken and yet prudent." *Kane* v. *Worcester Consolidated Street Railway*, 182 Mass. 201, 202.  See also *Lemay* v. *Springfield Street Railway*, 210 Mass. 63, 67; *Fitch* v. *Bay State Street Railway*, 237 Mass. 65, 68.  We cannot say that when the plaintiff turned his automobile out of the stream of traffic he could not have thought reasonably that he would be able to get back into it before the trolley car reached him and that the risk of collision with

the trolley car was less than that of collision with the on-coming automobiles. To some extent at least he was en-titled to rely upon the expectation that the motorman would not operate the trolley car negligently. *Gagnon* v. *Worcester Consolidated Street Railway*, 231 Mass. 160, 162. *Fitzpatrick* v. *Boston Elevated Railway*, 249 Mass. 140, 142. Further-more in view of the testimony as to the automobiles which were travelling in the direction the plaintiff was headed, it cannot be ruled as matter of law that he was negligent in bringing his automobile to a full stop or in his management of it thereafter.

2. There was no error in the refusal of the judge to grant the request of the defendant that the words "expecting to be hit" be stricken out of the plaintiff's answer to the ques-tion "Why did you pull out?" This answer was "To make room for these oncoming cars expecting to be hit." The evidence was admissible on the issue of the plaintiff's due care. *McCrohan* v. *Davison*, 187 Mass. 466. *Jeddrey* v. *Boston & Northern Street Railway*, 198 Mass. 232, 235. *Gadbois* v. *Bay State Street Railway*, 216 Mass. 188, 190.

*Exceptions overruled.*