CLARA FAULKNER, administratrix, *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Middlesex.   October 5, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Negligence,* Street railway.  *Evidence,* Of speed.

At the trial of an action by an administrator against a street railway company for causing the conscious suffering and death of the plaintiff's intestate, which resulted from a collision at night between an automobile in which the plaintiff was riding and a street car of the defendant, a finding, that the motorman of the street car was negligent, was warranted on all the evidence, including evidence that the defendant's single track was at the side of the way to the right of the driver of the automobile; that the driver, seeing the headlight of the car approaching from the opposite direction some distance ahead and mistaking it for that of a motor vehicle, turned slightly to his right with the result that the right wheels of the automobile became caught in the track; that he was unable to extricate the automobile before the car, moving rapidly, struck it with great force; and that the motorman of the car saw the automobile close to the track when it was one hundred or one hundred fifty yards away.

Testimony by the operator of the automobile, at the trial of the action above described, that the street car according to his first judgment was going at a speed of forty miles an hour, and that his estimate was based upon the swiftness of the light approaching and the heavy crash, was some evidence of that speed.

TORT for the conscious suffering and death of the plaintiff's intestate. Writ dated September 25, 1928.

The action was tried in the Superior Court before *Donahue, J.* Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in its favor. There was a verdict for the plaintiff in the sum of $1,500 on the count for conscious suffering, and in the sum of $5,000 on the count for death. The defendant alleged an exception.

*A. F. Bickford,* for the defendant.

*L. A. Mayberry,* (*H. L. Barrett & B. F. Thornburg* with him,) for the plaintiff.

SANDERSON, J. This is an action of tort to recover for conscious suffering and death of the plaintiff's intestate, resulting from a collision between a street car of the defendant and an automobile in which the deceased was riding as a guest. The only contention now made by the defendant is that there was no evidence of its negligence and that for that reason the trial judge erred in denying its motion for a directed verdict.

The accident occurred at about eleven o'clock in the evening on October 19, 1927, upon the Salem Turnpike, so called. The atmosphere was foggy and misty and the road surface wet. The concrete part of the road was nineteen and one half feet wide with a gravel shoulder on either side three feet three inches wide. Upon one side of the street and within the limits of the highway was the single track of the defendant company; the top of the rail was flush with the surface of the street, but there was a drop of five inches to the crushed stones between the ties. There were no street lights on the road at the place of the accident. The street car was going in the direction of Lawrence and the automobile toward Salem. The accident occurred about fifty feet on the Lawrence side of Chestnut Street where there is a slight grade down toward Lawrence. The operator of the automobile testified that it had been moving at a speed of ten or fifteen miles an hour and that as he approached the point of the accident he saw a headlight, practically ahead of him, a distance of one hundred to one hundred fifty yards away; that he was travelling on his right hand side of the road without reference to

whether it was the cement or the side of the travelled way, and as nothing else was visible to him he thought the headlight was upon an automobile with one light and accordingly veered slightly to the right and dropped into the street car track; that this occurred within twenty-five feet after he started toward the right and within three or four seconds; that the right front wheel dropped over the edge of the street car rail immediately followed by the right rear wheel; that he realized that he was in the track and that the light approaching must be on an electric car, although he could not then see the car; that he could see that it was a street car when it was not more than ten feet away; that after the automobile dropped over the rail it travelled ten to twenty feet while he was trying to get it out; that he did not apply his brakes, but the automobile came to a stop just an instant before the crash; that the rail was wet and slippery and before the accident both headlights of the automobile were on.  He also testified that he heard no gong or whistle from the street car and according to his best judgment it was going at a speed of forty miles an hour; that his estimate was based upon the swiftness of the light approaching and the heavy crash.

The defendant's motorman testified that he noticed the headlights of the automobile when it appeared to be one hundred or one hundred fifty yards away; that the power was shut off and the car was coasting; that the automobile when first seen was on its right hand side of the road not very far from the track, perhaps four or five feet from the rail; that he did not watch the automobile particularly as it approached.  He also testified that from the time he saw the two headlights he was watching them as they approached; that prior to the accident his car was travelling at a speed of about twenty-five miles an hour and there was no increase in speed up to the time of the collision; that when the automobile was thirty or forty feet from him it turned into the track and he immediately applied the emergency brake and started to put on sand — there was nothing else he could then do to stop the car — but at that moment, seeing the crash coming, he stepped

back; that prior to the collision he gave no signal from the street car. Testimony of an engineer, called by the plaintiff, tended to prove that the car in question, travelling at a speed of twenty-five miles an hour, could come to a stop under normal conditions with an application of the emergency air brakes in a distance of one hundred eighty feet, and if going at a speed of thirty-five miles an hour it could be stopped in three hundred feet, and that the maximum speed which could be obtained from this type of car on a level is thirty-five miles an hour. The evidence tended to prove that the street car pushed the automobile more than sixty feet, and for a part of that distance the ground was scraped and at the end the dirt was piled approximately one and one half feet high. Evidence was introduced warranting a finding that the street car came to a stop more than two hundred feet from the place where the emergency brake was applied. Following the collision, one wheel of the automobile was missing and the engine was pushed back toward the front seat; the damage was to the front right part of the automobile and the front right part of the street car.

The testimony of the driver of the automobile as to the speed of the street car was some evidence of that speed, notwithstanding his previous inconsistent statements and the difficulty a person would have in making anything like an accurate estimate of speed under the conditions described by the witness. Upon his testimony the jury could have found that he was near the track before the wheels went down between the rails, because he saw the street car headlight practically ahead of him on a straight street and he veered but slightly to the right before the right front wheel of the automobile dropped over the rail. This evidence brings the case within the principle stated in *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, where the court said the jury could have found that the motorman should have seen the automobile in such close proximity to the rail and should have slowed down and stopped before the accident occurred. *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489. *Pendleton* v. *Boston Ele-*

*vated Railway*, 266 Mass. 214, 217.   *Gould* v. *Boston &
Maine Railroad*, 276 Mass. 114, 118.   Even if the motor-
man in the case at bar had no reason to anticipate that
the automobile would turn from the travelled way to the
space between the rails before he saw it change its course,
upon the evidence the jury would be warranted in finding
that he should have anticipated that the automobile was
so near the rail that if it continued in its course there was
danger of a collision, and should have had the car under
such control that it might have been stopped before a
collision occurred.

The case is distinguishable from cases like *Kupiec* v.
*Warren, Brookfield & Spencer Street Railway*, 196 Mass. 463,
and *Johnson* v. *J. M. Guffey Petroleum Co.* 197 Mass. 302,
where, the defendants having been free from blame with
reference to a danger which there was no reason to appre-
hend until a point was reached where an accident could not
be avoided, they were held to be not negligent.

*Exceptions overruled.*