BESSIE J. TURNER *vs.* BERKSHIRE STREET RAILWAY COMPANY.

Berkshire.   September 17, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Negligence*, Bus, Motor vehicle, In use of way.

A common carrier by motor bus could be found negligent toward a passenger injured through the driver's excessive speed in approaching an intersection of streets and his sudden stopping to avoid collision with another vehicle having the right of way under G. L. (Ter. Ed.) c. 89, § 8; and it was no defence to an action by the passenger that the driver of the other vehicle also was negligent, or that he had created an emergency, if the driver of the bus did not use due care in dealing with it.

TORT. Writ dated April 27, 1933.

The action was tried in the Superior Court before *T. J. Hammond*, J. There was a verdict for the plaintiff in the sum of $1,000. The defendant alleged exceptions.

*W. J. Donovan*, for the defendant.
*H. L. Harrington*, for the plaintiff.

RUGG, C.J.  This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff through the negligence of an agent of the defendant.  It was tried with another action brought by the same plaintiff against one Godino, the owner and operator of an automobile.  There was evidence sufficient to establish these facts:  The defendant was a common carrier of passengers for hire, operating a seven passenger sedan automobile called a bus.  The plaintiff, at about four o'clock in the afternoon of a December day in 1932, paid her fare and took a seat in the bus, then stationed on the northerly side of Main Street in North Adams and distant almost the length of one of the defendant's regular buses from the easterly curb line of Holden Street.  Main Street was about sixty feet in width from curb to curb and its course was east and west.  Holden Street started at Main Street, extended northerly, and was twenty-nine and one half feet in width from curb to curb.  This intersection was not controlled by a traffic signal, nor was a police officer directing traffic at the time.  It was in the business district of the city.  The plaintiff testified that the bus operator waited five minutes after the usual time before commencing the trip; that "he started fast," "started up rather quick"; that the bus, at the time it crossed the east curb line of Holden Street projected southerly, was moving about twenty-five to thirty miles an hour; that when the bus had "proceeded a few feet into the Holden Street intersection she observed the Godino automobile" about fifteen feet "distant north and west of the point where the center lines of the two streets met proceeding toward Holden Street"; that when she first saw the Godino car it was about fifteen feet from the bus and north of the center line of Main Street and "we were ready to jump into it, when the bus was ready to hit it.  He [the operator of the bus] threw the brakes on and I don't know much then"; that the bus in travelling a distance of twenty-five or thirty feet acquired a speed of twenty-five or thirty miles an hour; that she "did not see the cars come together"; that the crash of the collision was terrific; that the setting of the

brakes and the collision came at the same time; that she thought it was the setting of the brakes and not the collision which caused her injury; and that she was thrown over a small seat in front of her. There was testimony, also, tending to show that Godino, proceeding easterly on Main Street, made the appropriate signal for a left turn into Holden Street and entered the intersection of the two streets before the bus of the defendant.

Although much of the testimony of the plaintiff was sharply contradicted by other witnesses, it might have been believed. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433.

A verdict could not rightly have been directed in favor of the defendant. Being a common carrier, the defendant owed to the plaintiff as a passenger the duty to exercise the utmost care, consistent with the nature and extent of its business and its kind of transportation, to carry her in safety. *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497, 498–499. *Donahoe* v. *Boston Elevated Railway,* 214 Mass. 70, 72. *Fitzgerald* v. *Boston Elevated Railway,* 274 Mass. 287, 289. It might have been found that the operator of the bus violated G. L. (Ter. Ed.) c. 89, § 8, to the effect that the driver of a motor vehicle approaching an intersection shall grant the right of way to a vehicle which has already entered it. This accident occurred at an intersecting way as defined in G. L. (Ter. Ed.) c. 90, § 1. *McCarthy* v. *Beckwith,* 246 Mass. 409. The rate of speed of the bus immediately prior to the collision might have been found to be in violation of G. L. (Ter. Ed.) c. 90, § 17. The collision, under the conditions which might have been found by the jury to exist, would support the conclusion that the defendant violated its duty to the plaintiff. The verdict was in favor of the defendant in the action against Godino, but, even if his negligence contributed to the injury to the plaintiff, that would not affect her right to recover against the defendant. *Feneff* v. *Boston & Maine Railroad,* 196 Mass. 575, 581. *Nash* v. *Lang,* 268 Mass. 407, 415.

There was no error in the denial of the request of the defendant for a ruling to the effect that, if Godino by cut-

ting the corner in entering Holden Street created an emergency, and in that emergency the defendant's operator made a quick stop, the plaintiff cannot recover if injured by such stop and not by the collision. The jury were correctly instructed on this point that the operator was bound to exercise the care of the driver of ordinary intelligence, prudence and discretion in all the circumstances, even when faced with that situation and emergency. *Brooks* v. *Petersham*, 16 Gray, 181, 184. *Tozier* v. *Haverhill & Amesbury Street Railway*, 187 Mass. 179–180. *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489, 494. *Lemay* v. *Springfield Street Railway*, 210 Mass. 63, 67, and cases cited. *Rice* v. *Lowell Buick Co.* 229 Mass. 53. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420.

*Exceptions overruled.*