HOWARD C. WHITE *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY.

Plymouth.    December 9, 1936. — December 27, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Negligence*, Contributory, Motor vehicle, In use of way, Street railway.

Upon evidence as to the collision of a motor truck and a street railway car upon a narrow bridge when the operator of the truck, driving partly on the railway track in order to allow an automobile to pass, stopped the truck because he saw the street car so near and so rapidly approaching that a collision was inevitable, the operator of the truck could not rightly have been ruled guilty of contributory negligence, and a finding that the motorman was negligent was warranted.

TORT.    Writ in the Superior Court dated December 22, 1932.

The action was tried before *Donahue*, J.    There was a verdict for the plaintiff in the sum of $2,800.    The defendant alleged an exception.

*E. J. Campbell*, for the defendant.

*H. F. Hathaway*, for the plaintiff.

DONAHUE, J.    A street car of the defendant proceeding in a southerly direction and an automobile truck of the plaintiff headed north were in collision on North Elm Street, a public highway in the town of West Bridgewater.    At the trial in the Superior Court no evidence was introduced by the defendant.    There was a verdict for the plaintiff for damage to his truck.    The only exception here presented is to the denial by the trial judge of the defendant's motion for a directed verdict.

The collision occurred at a bridge thirty-nine feet long which carried the highway over railroad tracks.    There was a single track of the defendant street railway company located on the easterly side of the street and on the easterly side of the bridge.    The westerly rail of the track was seven and a half feet from the easterly side of the bridge, and west

of the westerly rail there was a space about fifteen feet in width available for vehicular traffic.

There was evidence warranting the finding of the following facts. The operator of the truck drove it up a slight grade and upon the southerly end of the bridge at the rate of speed of ten to twelve miles an hour with the right rear wheel of the truck over the westerly rail of the track. At that time there were no other vehicles upon the bridge but the operator saw an automobile and a street railway car approaching from the north. As the truck was proceeding across the bridge, partly over the westerly rail of the track, the automobile passed. The street car was then seventy-five feet, about two car lengths, away, coming down grade at the speed of twenty-five to thirty-five miles an hour. When the automobile had passed, the operator of the truck was unable immediately to drive off the rail because the truck was in "low third" speed and moving slowly and the street car was "coming so fast." He decided that there was nothing he could do to avert a collision and he stopped the truck with its front wheels off the northerly end of the bridge. The street car, which was "swaying," continued at undiminished speed, hit the truck and forced it seven feet west of the track. The truck was eight feet wide, eighteen and a half feet long and with its heavy load of coal weighed thirteen and a half tons.

It cannot be said that as matter of law the operator of the truck was negligent in driving it upon the bridge with its right rear wheel over the westerly rail of the track. At that time there was no other vehicle upon the bridge, but in view of its narrowness and the different situations as to traffic which might there be met requiring different courses of action on the part of the operator, it could have been found that the manner in which he drove upon the bridge was not improper. Neither can it be said that as matter of law the operator, while proceeding across the bridge, was negligent in driving with the right rear wheel or the two right wheels over the rail of the track. In order to give safe passage to the automobile which he there met he was obliged to drive to some extent upon the area occupied by

the track. That area was a part of the highway and the operator had the right to use it. *McTighe* v. *Union Freight Railroad*, 274 Mass. 312, 314. *Fitch* v. *Bay State Street Railway*, 237 Mass. 65, 67. *Driscoll* v. *West End Street Railway*, 159 Mass. 142. The operator of the truck was justified in relying somewhat on the expectation that the operator of a street car approaching from the north, having in sight the bridge, the passing automobile and the truck, would not operate the street car negligently. *Gagnon* v. *Worcester Consolidated Street Railway*, 231 Mass. 160, 162. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 425.

If the testimony of the operator of the truck be believed, before he was able to drive off the track after the passing of the automobile, the nearness of the street car and its speed made a collision inevitable and the only option he had was to receive the impact of the street car with the truck moving forward or with the truck stopped. He concluded that the thing to do was to stop the truck and this he did. It could not have been ruled as matter of law that the stopping of the truck was a negligent act. The jury could have found that without negligence on his part he was confronted with a sudden emergency and danger and that in stopping the forward progress of the truck in the face of an inevitable collision, he acted with reasonable care in the existing circumstances. *Lemay* v. *Springfield Street Railway*, 210 Mass. 63, 67, and cases cited. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 424, and cases cited.

The care used by the operator of the street car is not to be determined solely on what he did or did not do while the car was travelling the distance of about two car lengths from the bridge. The accident happened in the daytime and the road was straight from a point at least two hundred feet north of the bridge. The operator of the street car had ample opportunity to see that the road narrowed at the bridge, that the space thereon available for traffic was so limited that three vehicles could not travel abreast and that the safe passage of two motor vehicles meeting there would entail the use to some extent of the area of the highway

occupied by the track. The coming of the truck and then of the automobile upon the bridge and their passing were within his view. It could have been found that when a considerable distance away, before the car came within seventy-five feet of the bridge, its operator should have realized that the automobile and truck would pass on the bridge and that to permit such passage the truck must go upon the track as it did. We think that the jury was warranted in finding in the circumstances appearing that a prudent operator of the street car would seasonably have reduced its speed so that the truck could have been driven off the track in safety, and would not at a distance of seventy-five feet have been maintaining a speed which prevented him from then stopping or reducing the speed of the car in time to avoid a collision. *Chadbourne* v. *Springfield Street Railway*, 199 Mass. 574, 577. *Lawrence* v. *Fitchburg & Leominster Street Railway*, 201 Mass. 489, 492. *Johnson* v. *Boston Elevated Railway*, 252 Mass. 300, 302. *Maderios* v. *Boston Elevated Railway*, 254 Mass. 302, 305. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 423.

*Exceptions overruled.*