LUCILE SNOW *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    April 4, 1939. — June 29, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Negligence*, Contributory.

A finding of contributory negligence of a plaintiff was not required by evidence that he had passed in front of a street car from which he had alighted to cross the street and, because of traffic beyond an adjoining track, had paused before crossing it, when, seeing a street car approaching on the adjoining track at a distance of over three hundred feet, he was unable to retrace his steps because the car he had left had moved forward, and he was caught between the cars and injured.

TORT. Writ in the Superior Court dated July 15, 1936.

A verdict for the plaintiff in the sum of $6,000 was returned before *Greenhalge*, J.

*D. P. Donaldson*, for the defendant.

*P. R. Johnson & R. C. Rounds*, for the plaintiff.

DOLAN, J.  This is an action of tort to recover compensation for personal injuries sustained by the plaintiff as a result of being crushed between two trains of the defendant. The jury returned a verdict for the plaintiff and the case now comes before us on the defendant's exceptions to the denial of its motion for a directed verdict, and of its motion that a verdict be entered for it under the leave reserved by the judge.  It is rightly stated in the bill of exceptions that there was evidence from which the jury could have found negligence on the part of the defendant which "contributed to the plaintiff's injuries."  The only question now in issue is whether the evidence requires a ruling that the plaintiff was guilty of contributory negligence as matter of law.

There was evidence that on November 5, 1935, at about 8:20 A.M., the plaintiff was a passenger on a train of the defendant which was bound from Harvard Square to Watertown.  The train was proceeding along Mt. Auburn Street, in Watertown.  It stopped at Winthrop Street, a regular

stop, and the plaintiff alighted from the right hand front door of the forward car. At this point Mt. Auburn Street is about fifty-six feet wide, inbound and outbound tracks of the defendant being in the center of the street. The two trains of the defendant involved were two-car trains, each more than ninety-seven feet in length, and of such width that in passing each other where the accident occurred the narrowest space between them was eleven inches. After alighting from the outbound train the plaintiff looked west toward Watertown. She could see in that direction for about a thousand feet. She saw no automobiles approaching but did see an inbound train of the defendant coming at a distance of about three hundred forty feet. She was familiar with the location, and to reach her destination she had to cross both sets of tracks and the further half of the highway to the sidewalk which was on her left in the direction in which she had been travelling. She looked up at the operator of the outbound train; he looked directly at her, and she crossed in front of this train and stood opposite its left front door and between the two sets of tracks. She looked again toward Watertown and saw a line of automobiles approaching rapidly. Four or five of these vehicles had already passed the inbound train, and the first vehicle was too near her and moving too rapidly to permit her to cross the street in safety. She started to retrace her steps, to go to the sidewalk on her right, but as she took one or two steps in that direction the outbound train moved forward slowly, and when she reached the "front of the car . . . it was going too fast for her to go in front of it." Her "escape seemed to be blocked both ways" and she remained where she was between the tracks, facing the inbound train, which continued to approach with no apparent reduction in speed. She was crushed between the two trains.

The burden of proving contributory negligence on the part of the plaintiff rested on the defendant, G. L. (Ter. Ed.) c. 231, § 85, and a verdict for the defendant could be directed by the judge only if the evidence by which the plaintiff was bound required a conclusion as matter of law

that she was guilty of contributory negligence. *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408, 409. *Campbell* v. *Cairns,* 302 Mass. 584, 586. We think that there is nothing in the evidence that requires such a conclusion. It cannot be said that in itself, in the circumstances before described, the action of the plaintiff in crossing in front of the train from which she had alighted was negligent. There were no vehicles approaching within one thousand feet except the inbound train, which, the jury could have found, was travelling at a speed of twenty to thirty miles an hour. To pass beyond the path of that train, the plaintiff had to travel the width of the two tracks and proceed far enough beyond the furthermost rail to be clear of the overhang of that train, or a distance, in all, of but about twenty feet.

The defendant has argued that when the plaintiff reached the left front corner of the outbound train, before she turned to her left and took a position by the left front door of that train, she should have looked again at the condition of traffic and that, if the condition was such that she could not have continued safely, she still would have been able to go to the sidewalk at her right. The evidence, however, would warrant the jury in finding that the plaintiff did look at the condition of traffic when she took a position by the left front door of the outbound train, but was not able to retreat, since, when she started to retrace her steps, although the motorman had seen her as she crossed in front of that train, it started to move forward. The fact that when the plaintiff stopped between the tracks automobiles were approaching too rapidly to permit her to proceed does not establish that she was negligent when she started to cross the tracks. The jury could find that these vehicles were travelling at a very rapid rate of speed.

We think that the case is governed by *McBride* v. *Middlesex & Boston Street Railway,* 276 Mass. 29. The defendant, however, seeks to distinguish that case on the ground that there the plaintiff attempted to cross the street in such circumstances that it could not be said as matter of law that his conduct was negligent, since he did not see the

automobile which blocked his crossing and forced him back on the track too late to enable him to reach a place of safety, and hence was put in sudden peril without prior negligence on his part. But reading the evidence in the present case as a whole, we think the jury could have found that the plaintiff did not see the automobiles until she was at the left forward door of the train, and that she had reached that position without prior negligence on her part; that she was at no time disregardful of her own safety; and that she was put in sudden peril by the approaching automobiles. Compare *Loyle* v. *Boston Elevated Railway*, 260 Mass. 404, 406, 407. The accident happened in the daylight, and it "is not as if darkness interfered with the sight of the actors." *Finn* v. *Eastern Massachusetts Street Railway*, 279 Mass. 196, 198. The plaintiff was in full view of the operator of the inbound train, and had the right to rely somewhat on the expectation that he would not operate the train negligently, but would exercise reasonable care to avoid injuring her. *O'Toole* v. *Boston Elevated Railway*, 211 Mass. 517, 518, and cases cited. *Austin* v. *Eastern Massachusetts Street Railway*, 269 Mass. 420, 425. *Butler* v. *Graves*, 284 Mass. 84, 86. *White* v. *Eastern Massachusetts Street Railway*, 299 Mass. 70, 72. *DeLodge* v. *Boston Elevated Railway*, 300 Mass. 219, 222. *Brown* v. *Boston Elevated Railway*, *ante*, 237, 239.

We are of opinion that the issue of the plaintiff's due care presented a question for the jury and that the defendant's motions were properly denied.

*Exceptions overruled.*