Rowe, P. J.
This is an action of tort in which the plaintiff Robinson (a minor) seeks to recover for personal injuries, and the plaintiff Coombs seeks to recover for -medical expenses incurred in behalf of her minor son, the other plaintiff. The defendant is the father of a minor son, who, it is claimed caused injuries to Robinson, by running into him while the former was riding a bicycle on a sidewalk in the Town of Stoughton.
The trial judge stated in the Report “I find the accident was caused solely by the negligent manner in which Richard (the defendant’s son) was riding the bicycle.”
He found for the plaintiff Robinson in the sum of $6,000 and for the plaintiff Coombs in the sum of $635.
The defendant claims to be aggrieved by the denial of his requests for rulings. The Report describes the action as follows:
“this is an action of tort in which the minor plaintiff, Kenneth Robinson, by his mother and next friend, who remarried, seeks to recover for personal injury and the plaintiff Annette M. Coombs, mother of the minor *152 plaintiff, seeks to recover for medical expense incurred and to be incurred allegedly resulting from the minor ; plaintiff being run into by a bicycle allegedly negligently ridden by the minor son of the defendant who allegedly negligently permitted said son to continue riding the bicycle although knowing that he rode it in an improper and negligent manner.”
The defendant filed 18 requests for rulings, some of which were granted and some denied. Defendant’s requests numbered 1, 2, and 3 in effect requested directed findings with reference to counts 1, 2, and 3 of the plaintiffs’ declaration, respectively. As to each of these three requests the trial judge ruled, “Disallowed. See Rule 28.” Presumably the judge meant Rule 27 which provides that “no review as of right shall lie to the refusal of a request for a ruling ‘upon all the evidence ’ in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request and then only upon the grounds so specified.”
The real issue in the case is as to whether liability exists on the part of the defendant father for the negligence of his minor son. As these three requests will be decisive of the case it will be preferable to consider them rather than the several other requests. Although the defendant cannot compel us to do so as a matter of right, we can and do consider them as a matter of discretion. McKenna v. Andreassi, 292 Mass. 313, 314, 315.
If the present case had been an action against the minor son, instead of against his father, the son could have been found liable, since a minor is liable for his own torts. Dow v. Lipsitz, 283 Mass. 132, 134.
But in such case the negligent act of the son could not have been shown to have been negligent by evidence that the son had been guilty previously of customary or habitual acts of negligence. Luis v. Falvery, 238 Mass. 253, 255. *153 The question then would be as to the facts of the claimed negligence at the time of the accident.
The plaintiffs in the case at bar do not attempt to controvert the well settled proposition of law that a parent merely as such, is not liable for the torts of his minor child. They go further on the facts and introduced evidence of sporadic ridings of the bicycle by the defendant’s son, which could have been found to have been negligent instances in operating the bicycle.
We will assume, without so deciding that these instances would have justified a finding that the defendant’s son was that kind of a person who would be known as a careless child rather than that kind of a person who would be known as a careful child.
This evidence would be aimed at a proposition that because the defendant knew that his rüinor son was a careless child and failure to exercise reasonable care in preventing his son from riding his bicycle at the time of the accident, that he thereby became liable as being the proximate cause of the consequences of the collision.
To hold that such evidence would be a criterion of liability on part of the father, would be to establish a standard of liability, which if not impossible of application would be impractical of application.
It is evident, from the statements made in the special findings of the trial judge that he relied strongly on Woodman v. Haynes, 289 Mass. 114, which he cited in the findings. In that case a defendant father allowed his minor son, who was incompetent, to drive a horse, which because of the incompetence on the part of the son, ran away and caused the damage complained of. This Division ruled there, that the defendant could be found to be liable, and upon appeal, the Supreme Judicial Court upheld our decision. However for the reasons above stated we are of the opinion that the Woodman Case, supra, is not decisive of *154 the present case and is clearly distinguishable. That case was an instance of an incompetent person and not of a merely careless person.
There was introduced in evidence in the present case a by-law of the Town of Stoughton prohibiting the driving of carriages etc. on the sidewalks of the town. That bylaw, however, does not reach the case at bar.
As to the Eobinson boy’s case, the plaintiff is not entitled to recover as there was no failure of legal duty on the part of the defendant.
As to the case of Mrs. Coombs, the mother of the Eobinson boy, her right is independent of her son, but still her right of action is derivative in its nature, and as the son could not have recovered, her case must fall with his. Thibeault v. Poole, 283 Mass. 480.
There was prejudicial error is not granting defendant’s requests numbered 1, 2, and 3. The findings for the plaintiffs should be vacated and judgment entered for the defendant.