*Western District*
No. 166647

## MARIO J. GENDUSO

v.

## ROBERT E. MALBOEUF

Argued: April 21, 1971 - Decided: July 6, 1971

*Present:* Garvey, P.J., Allen, Sloan, JJ.

Case tried to *Mellquist, J.* in the Central District Court of Worcester No. 166647.

**Garvey, P. J.** In this motor tort action for personal injuries there was a finding for the plaintiff. The defendant claimed a report which was established by our order. A majority of the Division thinks there was error.

We summarize the reported evidence most favorable to the plaintiff. He testified that on July 6, 1968, about 12:30 A.M. he was operating his motor vehicle east on Pleasant Street in Worcester. As he proceeded through the intersection of Main Street, after bringing his car to a stop because of a flashing red light, his car was struck by car being operated north on Main Street by the defendant. He had observed the defendant and a third party fighting in the defendant's convertible which was parked at the Main Street curb, that it shot forward at a speed of 30 miles per hour and struck his car.

He was not sure if the third party was in the defendant's car at the point of collision. (All the other witnesses place the third party in the defendant's car at this point, and its speed at 5 miles per hour.)

The defendant testified that he was traveling north on Main Street in a convertible motor vehicle with the top down. As he approached the intersection of Front Street (which is opposite Pleasant Street) he noticed another vehicle traveling west on Front Street. He brought his vehicle to a stop and while stopped two men, not known to him, jumped from the vehicle on Front Street and approached his car on the run. One of the men jumped into the back seat of his convertible, grabbed him around the neck and began to hit him. He turned toward the back seat and put his arms up to protect himself, and while doing so his car went forward and collided with the plaintiff's.

A college student, present at the scene, corroborated the defendant's testimony, adding that after the collision the assailant jumped from the defendant's motor vehicle, ran to the front of the plaintiff's vehicle and then to another car where he was placed under arrest at gun point by a police officer.[1] The testimony of the police officer was substantially the same as the college student's.

---

[1] The assailant, one Aqua Fresca, was later found guilty of assault and battery in the Central District Court of Worcester.

The judge in denying one of the defendant's requests for a ruling of law commented: "Request denied as I find the defendant was negligent." He made no other findings.

We are of opinion that the evidence did not warrant a finding of negligence on the part of the defendant and it was error to deny his request for a ruling of law directed to this issue.

Here there was a sudden, unlawful interference with the defendant's control of himself and his motor vehicle by an unknown assailant. He had no part in creating this emergency. His action, or re-action to this assault could not be found, we feel to constitute negligence. *Turner* v. *Berkshire Street Railway*, 292 Mass. 313, 315, 316. *Hathaway* v. *Checker Taxi Co.*, 321 Mass. 406, 408, 409.

The language of Chief Justice Wilkins in *Carrol* v. *Bouley*, 338 Mass. 625, a sudden heart seizure case, at page 627, is particularly applicable:

> "We have been referred to no case in this Commonwealth which is precisely in point. By the great weight of authority a sudden and unforeseeable physical seizure rendering an operator unable to control his motor vehicle cannot be termed negligence. See cases collected in note in 28 A.L.R. 2d 20, 35 et seq. Such an operator does not fall within the definition by Chief Justice Rugg in *Altman* v. *Aronson*, 231 Mass. 588, 591: 'Negligence, without qualification and in

ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought, which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances.' "

Compare *McGovern* v. *Tinglof*, 344 Mass. 114. See also *Wallace* v. *Ludwig*, 292 Mass. 251, 255. *Bellows* v. *Worcester Storage Co.*, 297 Mass. 188.

**The finding for the plaintiff is to be vacated and judgment entered for the defendant.**

ARTHUR W. NICHOLS, JR.
of Worcester for the defendant.

PAUL V. MULLANEY
of Worcester for the plaintiff.